IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RODERICK D GOSTON,

    Plaintiff,

v.                                          CASE NO. 1:10-cv-00039-MP-AK

JOHN BOSTICK, et al,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court upon the filing of a complaint against John Bostick, Tony Jones, and Moses Rochelle for an alleged illegal search and seizure that occurred on January 14, 2005. (Doc. 1). Plaintiff, who is a prisoner at the Suwannee Work Camp, does not explain what was illegal about the search on this date, except that Defendant Bostick was later charged with other criminal activity and was fired from the Gainesville Police Department. All of the defendants were alleged to be government officers at the time of the events in the complaint.

Under 28 U.S.C. § 1915A, the court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and shall dismiss the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. Thus, while it is true that pro se complaints are to be held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), a plaintiff is still required to "set forth factual allegations, either direct or inferential,

respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a pro se complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

    Here, the complaint should be dismissed for expiration of the statute of limitations. Clark v. Georgia Pardons and Parole Bd., 915 F.2d 636, 641, n. 2 (11th Cir. 1990). A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). The

complaint in this cause was filed on March 10, 2010, over five years after the cause of action accrued.

Accordingly, it is

**ORDERED AND ADJUDGED:**

That this cause be DISMISSED WITH PREJUDICE as barred by the applicable statute of limitations.

**DONE AND ORDERED** this  *28th*   day of April, 2010

                 *s/Maurice M. Paul*
               Maurice M. Paul, Senior District Judge